NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAYTON WISE, Plaintiff-Appellant, v. ASHLEY MULLIGAN-PFLIE, (MD); et al., Defendants-Appellees. | No. 19-15010 D.C. No. 4:17-cv-05951-JSW MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

California state prisoner Clayton Wise appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Wise failed to raise a genuine dispute of material fact as to whether defendants Mulligan-Pfile, Forster, and Posson were deliberately indifferent in addressing his chronic shoulder pain.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk of harm to an inmate's health; medical malpractice, negligence, or a difference in medical opinion does not amount to deliberate indifference); *see also Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (deliberate indifference claim premised on delay of medical treatment must show that the delay led to significant injury); *see also Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (reliance on the decisions of qualified providers does not constitute deliberate indifference).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Wise's motion to appoint counsel (Docket Entry No. 13) is denied.

**AFFIRMED.**

2